**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| CANADIAN SOLAR INC., *ET AL.*, | ) |
| Plaintiffs, and | ) |
| CHANGZHOU TRINA SOLAR ENERGY CO. LTD., ET AL., | ) |
| Consolidated Plaintiff, and | ) Before: The Honorable<br>) Jane A. Restani, Senior Judge |
| JINKO SOLAR CO., LTD., ET AL., | ) Consol. Court No. 19-00187 |
| Consolidated Plaintiffs, and | ) |
| YINGLI GREEN ENERGY HOLDING CO., LTD., ET AL., | ) |
| Plaintiff-Intervenors, and | ) |
| SHANGHAI BYD CO., LTD., | ) |
| Plaintiff-Intervenor, | ) |
| v. | ) |
| UNITED STATES, | ) |
| Defendant, and | ) |
| SUNPOWER MANUFACTURING OREGON, LLC, | ) |
| Defendant-Intervenor. | ) |

**<u>CONSENT MOTION FOR STATUTORY INJUNCTION</u>**

Pursuant to Rules 7(b) and 56.2(a) of the Rules of the United States Court of International Trade, Consolidated Plaintiffs Changzhou Trina Solar Energy Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Changzhou Trina Solar Yabang Energy Co., Ltd., Yancheng Trina Solar Energy Technology Co., Ltd. (collectively "Trina"),

respectfully move, along with the attached Form 24 proposed order for a statutory injunction upon consent, for an order enjoining liquidation of Trina's entries during the pendency of this litigation, because the proper showing has been made that the requested injunctive relief should be granted, as required by 19 U.S.C. § 1516a(c)(2).

While a motion for a statutory injunction normally is made within 30 days after service of the complaint, good cause exists to grant the requested statutory injunction upon consent at this time.  See USCIT R. 56.2(a) (stating that any motion for a statutory injunction, or a Form 24, "must be filed by a party to the action within 30 days after service of the complaint, or at such later time, for good cause shown").  If no statutory injunction is entered, Trina's entries subject to this action could be at risk of liquidating at a rate that is not in accordance with the judgment that would be entered in this consolidated action because no injunction is currently in place to prevent the U.S. Department of Commerce ("Commerce") from issuing liquidation instructions, which would obligate U.S. Customs and Border Protection ("CBP") to liquidate Trina's entries.[1]

To avoid duplicative requests, Trina did not request consent from the other parties or move, by filing a Form 24 within 30 days after service of the complaint, for an injunction enjoining the liquidation of its entries covered by Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China, 84 Fed. Reg.

---

[1] Pursuant to the statute, unless liquidation is enjoined by the Court, entries of merchandise covered by Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China, 84 Fed. Reg. 45,125 (Dep't Commerce August 28, 2019) (final results of countervailing duty administrative review and rescission of review, in part; 2016) ("CVD Final Results"), as amended by Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China, 84 Fed. Reg. 68,102 (Dep't Commerce Dec. 13, 2019) (amended final results of countervailing duty administrative review; 2016) shall be liquidated in accordance with Commerce's Final Results.  19 U.S.C. § 1516a(c)(1).  19 U.S.C. § 1516a(c)(1).  For the reasons explained in further detail below, Trina's entries are not currently subject to an injunction against liquidation.

45,125 (Dep't Commerce August 28, 2019) (final results of countervailing duty administrative review and rescission of review, in part; 2016) ("CVD Final Results"), as amended by Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China, 84 Fed. Reg. 68,102 (Dep't Commerce Dec. 13, 2019) (amended final results of countervailing duty administrative review; 2016) ("CVD Amended Final Results"), because Trina's subject entries related to this action were already enjoined pursuant to either:  (1) the order for statutory injunction upon consent, entered in SunPower Manufacturing Oregon, LLC v. United States, Court No. 19-00178, see Order for Statutory Injunction Upon Consent, ECF No. 15, Oct. 28, 2019, in SunPower Manufacturing Oregon, LLC v. United States, Court No. 19-00178 ("CVD AR 5 Statutory Inj."); or (2) the order for statutory injunction upon consent, entered in Changzhou Trina Solar Energy Co., Ltd. v. United States, Court No. 18-00176, see Order for Statutory Injunction Upon Consent, ECF No. 14, Aug. 24, 2018, in Changzhou Trina Solar Energy Co., Ltd. v. United States, Court No. 18-00176 ("AD AR 4 Statutory Inj.").  As of July 27, 2020—well after 30 days after the complaint was filed in this action on September 19, 2018—the CVD AR 5 Statutory Inj. that had previously prevented the liquidation of Trina's entries that are subject to this litigation was dissolved.

The CVD AR 5 Statutory Inj. entered in SunPower Manufacturing Oregon, LLC v. United States, Court No. 19-00178 —which covered Trina's unliquidated entries entered for consumption during the period December 1, 2015 through November 30, 2016 that were subject to the administrative determination in the CVD Amended Final Results, 84 Fed. Reg. 68,102— was dissolved when the Court dismissed the member case SunPower Manufacturing Oregon, LLC v. United States, Court No. 19-00178 on July 27, 2020.  See Order of Dismissal, ECF No.

3

39, July 27, 2020 in <u>SunPower Manufacturing Oregon, LLC v. United States</u>, Court No. 19-00178 (dismissing the action with prejudice based on the stipulation of dismissal signed by all parties that appeared in the action).

While the <u>AD AR 4 Statutory Inj.</u>—which covers most entries entered by Trina during the period of review for this countervailing duty administrative review (i.e., entered between January 1, 2016 and November 30, 2016)—currently remains in place, there is a risk Trina's entries subject to this action could be liquidated at the rate stated in the <u>CVD Amended Final Results</u> if a final judgment is entered in <u>Changzhou Trina Solar Energy Co., Ltd. v. United States</u>, Consol. Court No. 18-00176 before a final judgment is entered in this case. No court order currently prevents Commerce from issuing liquidation instructions to liquidate Trina's entries subject to this action at any time in accordance with the <u>CVD Amended Final Results</u>. Moreover, should such liquidation instructions be issued by Commerce, no statutory injunction currently enjoins CBP from liquidating Trina's subject entries entered between December 1, 2016 and December 31, 2016 at the rate stated in the <u>CVD Amended Final Results</u>.

In other words, as of July 27, 2020, Commerce could issue instructions that could cause CBP to liquidate Trina's entries subject to this action at any time notwithstanding Trina's pending appeal. Accordingly—because Trina's subject entries were covered by two other injunctions in place 30 days after the filing of the complaint in this action but are no longer covered by a statutory injunction in this consolidated action—there is good cause to enter a statutory injunction at this time to ensure that Trina's entries can benefit from the final court decision in this action, including all appeals and remand proceedings, as provided for in 19 U.S.C. § 1516a(e).

In accordance with USCIT Rule 7(f), counsel for Trina has consulted with the parties

to this consolidated action regarding this motion. On July 20, 2021, Trina received consent via email from, Bryan P. Cenko, Esq., counsel for Plaintiffs, Canadian Solar, Inc., et al., Andrew T. Schutz, Esq., counsel for Plaintiff-Intervenor Jinko Solar Co., Ltd., et al, Justin R. Becker, Esq., counsel for Plaintiff-Intervenor Yingli Green Energy Holding Co., Ltd., et al., Craig A. Lewis, Esq., counsel for Plaintiff-Intervenor Shanghai BYD Co., Ltd., and John R. Magnus, Esq., counsel for Defendant-Intervenor, SunPower Manufacturing Oregon, LLC. On July 29, 2021, Trina received consent via email from counsel for the Defendant, Justin R. Miller, Esq., of the U.S. Department of Justice.

Therefore, we respectfully request that the Court grant Trina's motion for a statutory injunction.

A Form 24 Proposed Order for Statutory Injunction Upon Consent is attached.

Respectfully submitted,

/s/ Jonathan M. Freed

Robert G. Gosselink
Jonathan M. Freed
Jarrod M. Goldfeder
Kenneth N. Hammer
TRADE PACIFIC PLLC
700 Pennsylvania Avenue SE
Suite 500
Washington, DC  20003
(202) 223-3760

Counsel to Consolidated Plaintiffs
Changzhou Trina Solar Energy Co., Ltd., Trina Solar (Changzhou) Science & Technology Co., Ltd., Changzhou Trina Solar Yabang Energy Co., Ltd., Yancheng Trina Solar Energy Technology Co., Ltd.

Date:  July 30, 2021