IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE JANE A. RESTANI, JUDGE

| | |
|---|---|
| CANADIAN SOLAR INC., *et al.*, | |
| Plaintiffs, and | |
| CHANGZHOU TRINA SOLAR ENERGY CO., LTD., *et. al.*, | |
| Consolidated Plaintiffs, and | |
| JINKO SOLAR CO., LTD., *et al.*, | |
| Plaintiff-Intervenors, and | |
| YINGLI GREEN ENERGY HOLDING CO., LTD. ET AL., | |
| Plaintiff-Intervenors, and | |
| SHANGHAI BYD CO., LTD., | |
| Plaintiff-Intervenor, | |
| v. | Consol. Court No. 19-00178 |
| UNITED STATES, | |
| Defendant, and | |
| SUNPOWER MANUFACTURING OREGON, LLC, | |
| Defendant-Intervenor. | |

**PLAINTIFF-INTERVENOR SHANGHAI BYD CO., LTD.'S
OBJECTIONS TO THE REMAND RESULTS**

Craig A. Lewis, Esq.
HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004-1109
Phone: +1.202.637.5600
Fax: +1.202.637.5910

*Counsel to Shanghai BYD Co., Ltd.*

January 12, 2022

# TABLE OF CONTENTS
                                                                                                                       **Page**

I.     NON-USE OF THE EBCP PROGRAM ........................................................................ 2

II.    THE SELECTION OF BENCHMARKS USED FOR THE ALUMINUM FOR LTAR BENEFIT CALCULATION ...................................................................... 3

III.   WHETHER PRICES IN THE CHINESE POLYSLICON MARKET ARE DISTORTED BY THE CHINESE GOVERNMENT ......................................................... 3

IV.   SPECIFICITY OF THE ALLEGED ELECTRICITY LTAR PROGRAM ....................... 4

V.    GRANTING CANADIAN SOLAR AN EVA ................................................................ 5

VI.   CONCLUSION.................................................................................................................. 5

# TABLE OF AUTHORITIES

**Administrative Determinations**

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 84 Fed. Reg. 45,125 (Dep't Commerce Aug. 28, 2019) (final results of countervailing duty administrative review and rescission of review, in part: 2016)... 1

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 84 Fed. Reg. 68,102 (Dep't Commerce Dec. 13, 2019)(amended final results of countervailing duty administrative review: 2016) .............................................. 1

# PLAINTIFF-INTERVENOR SHANGHAI BYD CO., LTD.'S OBJECTIONS TO THE REMAND RESULTS

Shanghai BYD Co., Ltd. ("Shanghai BYD"), in its role as plaintiff-intervenor in the above-captioned case, hereby submits the following objections to the U.S. Department of Commerce's ("Commerce's") December 13, 2021, *Final Results of Redetermination Pursuant to Court Remand* ("*Remand Determination*") (CM/ECF 130) filed by the defendant United States. The *Remand Determination* was issued pursuant to the opinion and order of the Court in this action, Slip Op. 21-114 (CIT September 3, 2021) (CM/ECF 124 and 125). The *Remand Determination* concerns the final results of the 2016 administrative review of crystalline silicon photovoltaic cells, whether or not assembled into modules (solar cells), from the People's Republic of China (China). *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 84 Fed. Reg. 45,125 (Dep't Commerce Aug. 28, 2019)(final results of countervailing duty administrative review and rescission of review, in part; 2016)("*Final Results*") (P.R. 250), and accompanying Issues and Decision Memorandum ("IDM") (P.R. 249), as amended by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China,* 84 Fed. Reg. 68,102 (Dep't Commerce December 13, 2019)(amended final results of countervailing duty administrative review; 2016) ("*Amended Final Results*") (P.R. 271). 1/ The petitioner in the underlying investigation was SolarWorld Americas, Inc. (SolarWorld), now doing business as SunPower Manufacturing Oregon, LLC. The respondents selected for individual examination in the review are Jinko Solar Import & Export Co., Ltd. and its cross-owned affiliates (Jinko Solar) and Canadian Solar Inc., and its cross-owned affiliates (Canadian Solar).

---

1/ "P.R. __" references documents in the initial public record of the administrative review at issue in this case.

At issue are five determinations made by Commerce on remand: (1) that the Export Buyer's Credit Program ("EBCP") was not used by Canadian Solar and Jinko's customers during the POR; (2) the selection of a revised benchmark used in the benefit calculations for the provision of aluminum for less than adequate remuneration ("LTAR"); (3) the conclusion that prices for polysilicon in China are distorted through the interference of the Government of China ("GOC"); (4) the conclusion that the alleged program for provision of electricity for LTAR is "specific" within the meaning of the statute; and (5) the granting to Canadian Solar of an entered value adjustment ("EVA").

As discussed below, BYD agrees with Commerce's determinations on remand with respect to: (1) non-use of the EBCP program; (2) the benchmark used for the aluminum LTAR program; and (3) and the decision to grant Canadian Solar an EVA. BYD disagrees and objects to Commerce's determinations on remand with respect to the remaining two issues, namely: (1) the alleged government distortion of prices in the Chinese polysilicon market and the purported impact on import prices for polysilicon purchased by Canadian Solar; and (2) the finding of specificity in the alleged program for the provision of electricity at LTAR.

In respect of the polysilicon and electricity issues, BYD supports the comments submitted on each of these issues by Canadian Solar and Jinko. For purposes of brevity, BYD will not repeat the comments submitted by Canadian Solar, Jinko, and other respondents not individually investigated that are participating int his appeal, BYD instead supports and hereby incorporates those comments by reference. BYD also offers the following limited additional comments.

I. **NON-USE OF THE EBCP PROGRAM**

Commerce has determined "under respectful protest" to accept the non-use of the EBCP program by Canadian Solar and Jinko's customers. *Remand Determination* at 6 (CM/ECF 130). Commerce's finding of non-use is consistent with the Court's opinion and remand instructions and

- 2 -

is supported by substantial evidence on the record. Commerce has no legal authority to apply adverse facts available ("AFA") to cooperative respondents under the facts in this case.

BYD also supports and incorporates by reference the comments submitted by Canadian Solar, Jinko, and the other respondents, with respect to this issue.

## II.  THE SELECTION OF BENCHMARKS USED FOR THE ALUMINUM FOR LTAR BENEFIT CALCULATION

Commerce has determined to rely solely on the IHS data as a benchmark for aluminum extrusions in this remand redetermination. Commerce has excluded the Comtrade data because "it is not possible to demonstrate that monthly price fluctuations reflected in the Comtrade data are driven by variations solar frame prices" and because Commerce is unable to address price comparability of the Comtrade data because "the record . . . does not indicate what exactly is included in the HTS subheadings included in the Comtrade data, nor how solar frames may differ from other types of aluminum extrusions." *Remand Determination* at 7 (CM/ECF 130). Commerce's determination to exclude the IHS data and rely instead solely on the Comtrade data is supported by the record for the reasons identified by Commerce.

BYD also supports and incorporates by reference the comments submitted by Canadian Solar, Jinko, and the other respondents, with respect to this issue.

## III. WHETHER PRICES IN THE CHINESE POLYSLICON MARKET ARE DISTORTED BY THE CHINESE GOVERNMENT

Commerce has reaffirmed its original determination that prices in the Chinese polysilicon market, including import prices, are distorted by the Chinese Government. *See Remand Determination* at 7-19 (CM/ECF 130). Commerce has tried to offer additional explanation for its finding, claiming that the agency has looked beyond the admittedly "minimal participation" by the Government of China in the polysilicon industry for other evidence of Chinese government participation in the polysilicon market and resulting "distortion" of prices. *See Remand*

*Determination* at 8-9.  Commerce has done so, in part, on the basis of additional factual information the agency selectively placed on the record during the remand proceeding, including the GOC's 12th Five Year Plan for the Photovoltaic Industry, and various financial filings.  *Id*. at 8-10.  Commerce also references a WTO dispute settlement report, a *New York Times* article, and a Polysilicon Productions Data article.  *Id*. at 10-11.  On the basis of this information, Commerce claims to have applied "neutral" "facts available" to infer that domestic polysilicon prices in China were distorted by Chinese Government involvement in the polysilicon market and, as a result, that import prices paid by Canadian Solar for imports into China were also distorted.  *Id.* at 11.

BYD disagrees with and objects to Commerce's determination.  Commerce does not point to substantial evidence supporting a finding that Chinese Government actions distorted prices paid by Canadian Solar for imports into China that were supplied by unaffiliated companies that are indisputably beyond the control and influence of the Government of China.  BYD supports and incorporates by reference the comments submitted by Canadian Solar with respect to this issue and submits that there is no legally valid basis for Commerce to determine that the prices of Canadian Solar's imported polysilicon are "distorted."

BYD also supports and incorporates by reference the comments submitted by the other respondents with respect to this issue.

## IV.    SPECIFICITY OF THE ALLEGED ELECTRICITY LTAR PROGRAM

Commerce has again determined on the basis of "adverse facts available" ("AFA") that the alleged LTAR program for electricity is "specific" within the meaning of the statute because "the Chinese government, through the {National Development and Reform Committee (NDRC)} in Beijing, sets different prices in different regions under its authority (*i.e.*, the provinces) without any commercial or market considerations, but instead for development purposes."  *Remand Determination* at 24 (CM/ECF 130).

In reaching this determination, Commerce has not relied on direct evidence but has instead relied on adverse inferences made in response to the GOC's alleged refusal to provide "key information that would allow Commerce to confirm its claims." *Remand Determination* at 20 (CM/ECF 130). BYD disagrees with Commerce's conclusion that the GOC was not responsive or that key information was withheld from the record. The evidence on the record clearly demonstrates that electricity prices were determined by market considerations, taking into account regional cost differences determined in accordance with transparent and objective commercial criteria. In this regard, BYD supports and incorporates by reference the comments submitted by Canadian Solar, Jinko, and the other respondents, with respect to this issue.

## V. GRANTING CANADIAN SOLAR AN EVA

BYD supports Commerce's determination to grant Canadian Solar an EVA. *See Remand Determination* at 25-27 (CM/ECF 130). That decision is unquestionably supported by evidence on the record, including information previously submitted by Canadian Solar, and for the reasons identified by Commerce.

BYD also supports and incorporates by reference the comments submitted by Canadian Solar with respect to this issue.

## VI. CONCLUSION

For the foregoing reasons, and those set forth in the objections filed by Canadian Solar, Jinko, and the other respondents, Shanghai BYD respectfully urges the Court to reject Commerce's Remand Determination with respect to the benchmark for polysilicon and the specificity of the alleged program of electricity for LTAR. This case should be remanded to Commerce to reconsider these two issues and to recalculate Canadian Solar and Jinko's subsidy rates after making the necessary changes. Based on the corrected subsidy rates of the mandatory respondents,

Commerce should be instructed to recalculate and redetermine the individual subsidy rate for Shanghai BYD.

                                              Respectfully submitted,

                                              /s/ Craig A. Lewis_____
Craig A. Lewis, Esq.

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004-1109
Phone: +1.202.637.5600
Fax: +1.202.637.5910
E-mail: craig.lewis@hoganlovells.com

*Counsel to Plaintiff-Intervenor Shanghai BYD Co., Ltd.*

January 12, 2022

# CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure Paragraph 2(B), the undersigned counsel at Hogan Lovells US LLP hereby certifies that this reply brief complies with the word-count limitation requirement. The reply brief contains 1,501 words as computed by Hogan Lovells US LLP's word processing system (Microsoft Word for Office 365).

    Respectfully submitted,

    /s/ Craig A. Lewis
    Craig. A. Lewis

    HOGAN LOVELLS US LLP
    Columbia Square Building
    555 Thirteenth Street, NW
    Washington, DC 20004-1109
    Phone: +1.202.637.5600
    Fax: +1.202.637.5910
    E-mail: craig.lewis@hoganlovells.com

    *Counsel to Plaintiff-Intervenor Shanghai BYD Co., Ltd.*

January 12, 2022

# CERTIFICATE OF SERVICE

I hereby certify that copies of the attached public submission have been served by the Court's CM/ECF system, on January 12, 2022, addressed to the following parties:

On Behalf of SunPower Manufacturing Oregon, LLC:

John R. Magnus, Esq.
TRADEWINS LLC
1330 Connecticut Avenue, NW
Washington, DC 200036

On Behalf of Canadian Solar Inc. et al.:

Jeffrey S. Grimson, Esq.
MOWRY & GRIMSON, PLLC
5335 Wisconsin Avenue, NW
Washington, DC 20015

On Behalf of Jinko Solar Co., Ltd. et al.:

Andrew T. Schutz, Esq.
GRUNFELD DESIDERIO LEBOWITZ
SILVERMAN & KLESTADT, LLP
1201 New York Avenue, NW
Suite 650
Washington, DC 20005

On Behalf of Changzhou Trina Solar Energy Co., Ltd. et al.:

Jonathan M. Freed, Esq.
TRADE PACIFIC, PLLC
660 Pennsylvania Avenue, SE
Suite 401
Washington, DC 20003

On Behalf of Yingli Green Energy Holding Co., Ltd. et al.:

Richard L.A. Weiner, Esq.
SIDLEY AUSTIN, LLP
1501 K Street, NW
Washington, DC 20005-1401

On Behalf of the United States:

Justin R. Miller, Esq.
U.S. DEPARTMENT OF JUSTICE
International Trade Field Office
26 Federal Plaza
New York, NY 10278

Paul K. Keith, Esq.
Of Counsel
U.S. DEPARTMENT OF COMMERCE
Office of the Chief Counsel for Trade
Enforcement and Compliance
1401 Constitution Avenue, NW
Room 4610
Washington, DC 20230


/s/ Craig A. Lewis
Craig A. Lewis, Esq.
HOGAN LOVELLS US LLP